**Opinion filed August 3, 2023**



## In The

# Eleventh Court of Appeals

_____

### No. 11-23-00035-CV

_____

## IN THE ESTATE OF MARY GENETTA STANFILL PATTERSON, DECEASED

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 25261-CCL**

### M E M O R A N D U M   O P I N I O N

This appeal arises from an Order Probating Will and Authorizing Letters Testamentary entered on August 31, 2022, wherein the trial court appointed Byron Freelon Patterson as the independent executor of the will and estate of Mary Genetta Stanfill Patterson, deceased. Appellants, Donald L. Patterson and Deborah K. Goldie, filed a notice of restricted appeal from the trial court's order. *See* TEX. R. APP. P. 30.

Prior to the filing of the parties' briefs, Appellants have filed a Motion to Render Judgment Effectuating the Parties' Agreement pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.1(a)(2)(A). They state in the motion that the parties have reached an agreement to settle the issues presented for consideration pending appeal, as evidenced by a Rule 11 Agreement wherein the parties have prepared and filed a joint motion with the trial court to issue letters testamentary to Donald L. Patterson, Deborah K. Goldie, and Byron Freelon Patterson as joint co-executors. Appellants attached the Rule 11 Agreement filed in the trial court as an exhibit to their motion. Appellants also attached as an exhibit the trial court's Order Approving Agreed Motion to Appoint Joint Co-Executors and for Issuance of Subsequent Letters Testamentary entered by the trial court on June 19, 2023. Appellants contend that the trial court's order of June 19, 2023, "resolves the issues presented for consideration on appeal."

Appellants ask this court to render a judgment effectuating the parties' agreement. Upon the filing of the motion, we requested Appellee, Byron Freelon Patterson, to file a response. Appellee indicates in his response that he agrees that the June 19 order has resolved the issues presented for consideration on appeal and joins in the relief requested by Appellants.

Rule 42.1(a)(2) of the Texas Rules of Appellate Procedure authorizes an appellate court to dispose of an appeal in accordance with a signed agreement filed with the clerk. TEX. R. APP. P. 42.1(a)(2). This rule authorizes three actions: (A) this court may render judgment effectuating the parties' agreement; (B) this court may set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) this court may abate the appeal and permit proceedings in the trial court to effectuate the agreement. *Id.*; *see Matter of Marriage of McQueen*, 597 S.W.3d 53, 54 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Here, Appellants seek the relief

provided in Rule 42.1(a)(2)(A)—for us to render judgment effectuating the parties' agreement.[1]

This court, having examined and considered the motion, is of the opinion that it should be granted. Accordingly, we grant Appellants' Motion to Render Judgment Effectuating the Parties' Agreement by adopting the trial court's June 19, 2023, Order Approving Agreed Motion to Appoint Joint Co-Executors and for Issuance of Subsequent Letters Testamentary as this court's judgment, and we remand this case to the trial court for further proceedings.

Neither Appellants' motion nor the Rule 11 Agreement reference how costs should be taxed or whether there is an agreement regarding such costs. "Absent agreement of the parties," costs in a civil case involving a voluntary dismissal and settlement shall be taxed against the appellant. TEX. R. APP. P. 42.1(d). Therefore, costs of this appeal are taxed against Appellants.

Appellants' Motion to Render Judgment Effectuating the Parties' Agreement is granted, and this case is remanded to the trial court for further proceedings.


W. BRUCE WILLIAMS
JUSTICE


August 3, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Given the fact that the parties have also obtained a new order from the trial court effectuating the parties' agreement, it appears that they have also sought relief under Rule 42.1(a)(2)(B) and (C).